**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **IRAY MALCUM KHAYYAN TAYLOR,** § <br> **Plaintiff,** § <br> § <br> v.  § <br> § <br> **ANDREW SAUL,** § <br> **COMMISSIONER OF THE SOCIAL** § <br> **SECURITY ADMINISTRATION,** § <br> **Defendant.** § | **EP-20-CV-00131-ATB** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  Both parties consented to trial on the merits before a United States Magistrate Judge, and the case was assigned to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of this District.  For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

On September 5, 2017, Plaintiff filed an application for SSI, alleging disability beginning July 30, 2016.  (R. 10).  Plaintiff's application was initially denied on January 6, 2018, and denied again upon reconsideration on March 6, 2018.  (R. 10).  On September 12, 2018, a *de novo* hearing was held by video before an administrative law judge ("ALJ").  (R. 10).  The ALJ issued an unfavorable determination against Plaintiff on November 27, 2018.  (R. 10).  The Appeals Council vacated the ALJ's determination on February 27, 2019, and remanded the back to the ALJ.  (R. 168-70).  After a second video hearing held on October 28, 2019, the ALJ issued an unfavorable

decision ("Decision") denying benefits and finding Plaintiff was not disabled. (R. 7). The Appeals Council then denied Plaintiff's request for review on May 19, 2020. (R. 1).

## II. ISSUES

Plaintiff presents the following issues for review:

1. Whether the ALJ's residual functional capacity ("RFC") determination is supported by substantial evidence with regard to Plaintiff's traumatic brain injury ("TBI") impairments. (ECF No. 15, p. 2).

2. Whether the ALJ failed to follow the Appeals Council's order on remand regarding the vocational expert's ("VE") testimony. (*Id.* at p. 5)

## III. DISCUSSION

### a. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986) (quoting *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir. 1984)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

**b. Evaluation Process**

Disability is the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has medically determinable impairment(s) that are severe; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment(s) prevent the claimant from performing past relevant work; and (5) whether the impairment(s) prevent the claimant from doing any other work. 20 C.F.R. § 404.1520(a)(4).

An individual applying for benefits bears the initial burden of proving that he is disabled. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof at the first four steps. Once met, the burden will then shift to the Commissioner to show that there is other substantial gainful employment available that the claimant can perform. *Harrell v. Bowen*,

862 F.2d 471, 475 (5th Cir.1988). If the Commissioner satisfies this burden, "the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Selders*, 914 F.2d at 618 (quoting *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)).

Here, at the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 30, 2016, the alleged onset date. (R. 13).[1] At the second step, the ALJ found that Plaintiff had the following impairments which, in combination, were severe: "mild disorder of the lumbar spine, mild disorder of the cervical spine, disorder of the knees . . . , and a history of TBI." (R. 13). The ALJ also found Plaintiff's headaches, obstructive sleep apnea, and borderline high cholesterol to be non-severe. (R. 14-15). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart B, Appendix 1. (R. 15).

Before the fourth step, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to do a reduced range of light work. (R. 15). Specifically, Plaintiff was found to be able to do the following: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for up to six hours in an eight-hour workday and sit for up to six hours in an eight-hour workday; only occasionally climb ladders, ropes, or scaffolds; "only frequently" climb ramps or stairs; "only frequently" balance, stoop, kneel, crouch, or crawl; and understand, carry out, and remember "only detailed (non-complex)" instructions and use his judgment to make "only detailed (non-complex)" decisions. (R. 15-16).

---

[1] The Court notes, as the Commissioner indicates in his brief, that Plaintiff's last day of active duty service in the United States Army before retiring was on July 30, 2016, the same day as Plaintiff's alleged onset date. (ECF No. 17, p. 3) (citing R. 12-13); *see Murray v. Astrue*, 419 F. App'x 539, 541 (5th Cir. 2011) (evidence of work during a period in which a claimant alleges disability is relevant in assessing the reliability of the claimant's subjective complaints); *Vaughan v. Shalala*, 58 F. 3d 129, 131 (5th Cir. 1995) (per curiam).

At the fourth step, the ALJ found that Plaintiff was unable to perform any past relevant work. (R. 20). At the last step, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (R. 20). The ALJ concluded that Plaintiff had not been disabled, as defined in the Social Security Act, from July 30, 2016, through the date of the ALJ's Decision. (R. 21).

    c. **Analysis**

       1. ***The ALJ did not err in his analysis of Plaintiff's RFC with regard to Plaintiff's TBI***

Plaintiff first argues that the ALJ erred by disregarding medical evidence of Plaintiff's TBI impairment. (ECF No. 15, p. 3). To support his contention, Plaintiff cites evidence presented at the September 2018 Hearing ((*Id.*) (citing R. 37-41, 54)) and the VE's testimony at the 2019 Hearing. (*Id.*) (citing R. 109). Plaintiff further cites objective medical evidence of his treatment for TBI and associated impairments. (*Id.*) (citing R. 846-870, 970-71, 1767).

Plaintiff has accurately summarized the evidence in the record related to his TBI. At the 2018 Hearing, Plaintiff told the ALJ that he suffered "balance issues, tremors, dizziness, [and] PTSD from" a work accident where a metal beam fell on his head. (R. 38). At the 2019 Hearing, the VE testified that an individual with Plaintiff's RFC could perform no past work but could work as an assembler of small products and as an assembler of electrical accessories. (R. 110). When asked by Plaintiff's counsel whether an individual with Plaintiff's RFC could maintain a job if he was "off task at least 25% of the workday" and needed to be "absent at least two days per month," the VE responded that such an individual could not maintain a job. (R. 111).

Plaintiff also cites to medical evidence in the form of treatment notes for his TBI starting in 2015, which includes doctors' observations regarding Plaintiff's short-term memory loss,

difficulty concentrating, recurring headaches, difficulty balancing, vision changes (R. 848), and pain and weakness on the right side of his body. (R. 879); *see generally* (R. 846-70, 970-71). Beginning in 2015, Plaintiff received treatment in the form of cognitive skills development therapy, speech and hearing therapy, and neuromuscular physical therapy. (R. 1048-49). A May 2016 MRI detected an abnormal T2 signal in Plaintiff's right temporal lobe and chronic microvascular ischemia. (R. 1767).

While Plaintiff has identified the portions of the record that are relevant to his TBI, he fails to explain how that evidence weighs in favor of a more restrictive RFC determination than the one formulated by the ALJ. Plaintiff "has the burden of proving [that he] has a medically determinable physical or mental impairment." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court should "not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficienc[y] he alleges." *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996). As Plaintiff has not articulated how the evidence that he presents weighs against the ALJ's RFC determination, the Court cannot reverse the ALJ's Decision on these grounds.

Moreover, reviewing the ALJ's Decision, the Court finds that the ALJ considered all the evidence referenced by Plaintiff, and that the ALJ's RFC determination was supported by the record as a whole. The ALJ's opinion demonstrates that he weighed Plaintiff's TBI and other impairments, the treatment Plaintiff received, and Plaintiff's medical imaging results. (R. 15-19). Further, the ALJ considered Plaintiff's work history, his ability to care for himself and his family, and his ability to attend community college. (R. 16). This Court cannot reweigh the evidence, nor substitute its judgment for that of the ALJ. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir.

1989); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Accordingly, the Court concludes that the ALJ did not fail to consider evidence relevant to Plaintiff's TBI.

> ### *2. The ALJ complied with the Appeals Council's order regarding the vocational expert's testimony*

Plaintiff next argues that the ALJ failed to comply with the Appeal Council's order, which required the ALJ to determine if Plaintiff had transferable skills from his job as an operations supervisor. (ECF No. 16, p. 5) (citing (R. 168-70)). In particular, the Appeals Council's remand order required the ALJ to "[o]btain supplemental evidence from the vocational expert to clarify the effects of the assessed limitations on the claimant's occupational base (SSR 83-14), and determine whether the claimant has acquired any skills that are transferable to other occupations." (R. 170).

While the ALJ did not directly ask the VE at the second hearing whether Plaintiff had transferable skills, the Court finds that the ALJ elicited this information by asking the VE whether there was "other work in the national economy" that Plaintiff could perform. (R. 109). Moreover, Plaintiff's own attorney asked the VE whether Plaintiff had acquired any transferable skills, to which the VE replied that Plaintiff had not acquired "any transferable sills [sic] to light or sedentary [work]." (R. 110). Thus, the Court finds that the ALJ obtained supplemental evidence from the VE regarding Plaintiff's job-transferable, acquired skills.

Plaintiff also argues that the VE's testimony in response to the ALJ's hypothetical did not take into consideration factors or limitations due to TBI. (ECF No. 16, p. 5). However, the ALJ's hypothetical included the following RFC limitations: "[o]ur hypothetical person . . . can only occasionally climb ladders; can only frequently balance and then mentally . . . can understand, remember and carry out detailed, noncomplex instructions [and] use judgment to make detailed, noncomplex decisions." (R. 108). By incorporating balance, memory, and decision-making

7

limitations into the hypothetical he posed to the VE, the ALJ incorporated Plaintiff's limitations due to Plaintiff's TBI. Accordingly, the Court finds that there is no basis to overturn the ALJ's Decision on these grounds.

## IV.   CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the Decision of the Commissioner be **AFFIRMED**.

**SIGNED** this 22nd day of March, 2021

_____
ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE